IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 13-cv-01289-RBJ

FIDELITY NATIONAL TITLE INSURANCE COMPANY, a California Corporation,

    Plaintiff,

v.

WOODY CREEK VENTURES, LLC, a Colorado Limited Liability Company; and
PITKIN COUNTY TITLE, INC., a Colorado Corporation,

    Defendants.

## ORDER RE RULE 54(b) CERTIFICATION

The case is before the court on the parties' joint motion for reconsideration of this court's denial of their request to certify the court's order of May 5, 2014 for immediate appeal pursuant to Fed. R. Civ. P. 54(b). The motion is granted.[1]

Briefly, this case arises from plaintiff Fidelity's underwriting of a title insurance policy concerning certain property purchased by Woody Creek in Pitkin County, Colorado. The policy insured against loss incurred by reason of "[u]nmarketability of title" or "[l]ack of a right of access to and from the land." After the title policy was issued through Fidelity's local agent, Pitkin County Title, it was discovered that the road providing access to one parcel crossed an adjacent parcel owned by the Bureau of Land Management. Fidelity on behalf of Woody Creek

---

[1] After the court denied the Rule 54(b) motion, the parties stipulated to the dismissal of all remaining claims without prejudice, and defendant Woody Creek Ventures, LLC appealed the May 5, 2014 order. However, the Tenth Circuit found a jurisdictional defect and granted the parties 30 days to secure a Rule 54(b) certification of a judgment adjudicating all remaining claims. ECF No. 51. This court, not the parties, is responsible for not issuing the present order within the 30 day period.

then negotiated a revocable right of access across the BLM parcel with a renewable 30-year term.

Woody Creek was not satisfied with the outcome of the negotiation, as it contends that anything less than a permanent right of access results in a significant decrease in the value of the parcel for development purposes. Fidelity then filed this case. It asserted six claims, essentially three claims against Woody Creek for a declaratory judgment of no coverage (and apportionment of the loss among several parcels if coverage were found), and three claims against Pitkin County Title seeking indemnification if coverage were found.

Fidelity and Woody Creek filed cross-motions for partial summary judgment whereunder the central legal issue was whether Woody Creek has suffered a loss covered by the policy. Following briefing and a hearing, the court issued a written order on May 5, 2014 granting Fidelity's motion and denying Woody Creek's motion. The key facts were essentially undisputed: Woody Creek presently has a right of access to the parcel, and the parcel has value, albeit less than it would have with a guaranteed permanent right of access. The court reached two conclusions of law that are hotly disputed and are the likely issues on appeal. First, because the parcel has significant value despite the lack of a guarantee of a permanent right of access, the court found that title is not unmarketable. Second, the court concluded that there is a right of access to and from the land. Accordingly, the court concluded that Woody Creek had not presented a claim covered by the policy. The court added, "Fidelity may be obligated to pay money or cure a lack of access in the future if Woody Creek ever loses that access, but that is a question for another day." ECF No. 43 at 9.

The court did not reach or decide in the May 5, 2014 order Fidelity's other coverage defenses or Woody Creek's contingent claim for indemnification against Pitkin County Title.

Because these claims remained in the case without resolution, I initially denied Woody Creek's unopposed motion for a Rule 54(b) certification. That led to the parties' dismissal of the remaining claims without prejudice and their unsuccessful attempt to appeal on that record.

On further reflection, I conclude that my denial of the original motion for a Rule 54(b) certification was erroneous. I begin by noting a recent unpublished opinion of the Tenth Circuit addressing Rule 54(b) certification. In *John Niemi, et al. v. Erwin Lasshofer, et al.,* No. 13-1256 (10th Cir. Aug. 6, 2014) (slip opinion attached), the court stated:

> Rule 54(b) certification is only appropriate "when a district court adheres strictly to the rule's requirement that a court make two express determinations. First the district court must determine that the order it is certifying is a final order. Second, the district court must determine that there is no just reason to delay review of the final order until it has conclusively ruled on all other claims presented by the parties to the case." *Oklahoma Turnpike Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001) (internal citations omitted).

Slip Op. at 2. The *Niemi* order added,

> "To be final for purposes of Rule 54(b), an order must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Jordan v. Pugh*, 425 F.3d 820, 826 (10th Cir. 2005). The controlling jurisdictional issue is whether the adjudicated claims are "distinct and separable from the claims left unresolved." *Oklahoma Turnpike Auth.*, 259 F.3d at 1243.

*Id.*

I now find, first, that this court's order of May 5, 2014 was a final order in that it was an ultimate disposition of Woody Creek's coverage claim. I concluded that there is no coverage under the policy either based on lack of access or unmarketability of title. That decision is distinct and separable from (1) a possible future dispute if the right of access is lost and (2) Fidelity's contingent indemnification claim against Pitkin County Title.

Second, I find that there is no just reason to delay appellate review. This court has no reason to enter a final order or judgment on issues that are premature at this time. But Fidelity is understandably unwilling to stipulate to the dismissal of its claims with prejudice because, if the right of access is lost at some future point (or title becomes unmarketable), it may wish to contest coverage under other terms of the policy or press its claim for indemnification against Pitkin County Title. Therefore, absent a Rule 54(b) certification, Woody Creek has no ability to obtain appellate review of this court's order. Meanwhile, the market value of its parcel allegedly has been significantly impaired.

Accordingly, because this court has determined that its judgment is final and that no just reason for delay of entry of its judgment exists, it certifies its May 5, 2014 order for immediate appeal under Fed. R. Civ. P. 54(b).

DATED this 17th day of September, 2014.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge